UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YUEMING JI,

              Petitioner,

    v.

KRISTI NOEM, et al.,

              Respondents.

No. 1:26-cv-01186-DJC-CSK

ORDER

Pending before the Court is a Petition for Writ of Habeas Petition Corpus filed by a noncitizen who is seeking release from Immigration and Customs Enforcement ("ICE") custody.  Petitioner is a citizen and national of China who entered the United States in July 2021 and was later released under 8 U.S.C. § 1182(d)(5)(A).  Petitioner was arrested and detained while attending a scheduled ICE check-in and has been in custody since October 2025.

## BACKGROUND

Petitioner is a citizen and national of China who entered the United States in July 2021 without inspection to seek asylum.  (Habeas Petition ("Pet.") (ECF No. 1) ¶¶ 20, 27.)  Upon entry, Petitioner was detained and contends that in November 2021, he was released on his own recognizance pursuant to 8 U.S.C. § 1226.  (*Id.* ¶ 28.)

1

Respondents argue that Petitioner was paroled out of ICE custody under 8 U.S.C. § 1182(d)(5)(A) and had a release term of one year.  (Martinez Decl. (ECF No. 7-1) ¶ 10 citing (ECF No. 7-1, Ex. 4).)  In April 2022, Petitioner filed an I-589 Application for Asylum.  (Pet. ¶ 29.)

While released, Petitioner lived continuously in California and represents that he complied with all of his immigration requirements and has no convicted criminal record of any kind.  (*Id.* ¶¶ 30, 32.)  However, Respondents provide that Petitioner has been arrested for the following offenses: infliction of corporal injury to a spouse or cohabitant in violation of California Penal Code § 273.5(a) in May 2023; infliction of corporal injury to a spouse or cohabitant in violation of California Penal Code § 273.5(a), vandalism in violation of California Penal Code § 594(a)(2) and damaging wireless communication device in violation of California Penal Code § 591.5 in December 2023; and infliction of corporal injury to a spouse or cohabitant in violation of California Penal Code § 273.5(a) in July 2025.  (Martinez Decl. ¶ 12 citing (ECF No. 7-1, Ex. 5).)

In October 2025, Petitioner attended a regularly scheduled ICE check in where he was arrested and detained.  (Pet. ¶ 31.)  Petitioner remains in custody and filed the instant Habeas Petition seeking release, or alternatively an individualized bond hearing.  (Pet. at 6.)  Respondents filed an Answer to the Habeas Petition (Answer (ECF No. 7)), and Petitioner did not file any Reply.

**DISCUSSION**

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) because he is an "applicant for admission" pending the determination of his asylum application.[1]  (Answer at 4.)  Petitioner argues that he is subject to 8 U.S.C. § 1226(a).  (Pet. ¶ 28.)  Here, the record shows that Petitioner was

---

[1] Respondents also concede that the facts and law in this case do not appear to be distinguishable from this Court's decision in *Lopez v. Lyons,* No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).  (Answer at 2.)

paroled into the United States under section 1182(d)(5)(A).  (ECF No. 7-1, Ex. 4.)  Under this section, noncitizens may be released on parole for "urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A).  Upon termination of parole, a noncitizen shall be "returned to the custody from which he was paroled."  *Id.*

Here, Respondents represent that return to be to section 1225(b)(1)(B)(ii) custody.  As an initial matter, it is unclear to the court whether Petitioner's parole was ever properly terminated.  *See M.B. v. Noem,* No.1:25-cv-00005-DJC-AC, 2026 WL 74155, at *2 (E.D. Cal. Jan. 9, 2026); *Y-Z-L-H v. Bostock,* 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025).  However, even if it had been, and even under Respondents' argument that Petitioner is subject to mandatory detention, Petitioner still has a viable due process claim.

First, section 1225(b)(1)(B)(ii) provides that if a noncitizen who enters the United States without admission indicates an intention to apply for asylum or expresses a fear of persecution, and "the officer determines at the time of the interview that a[] [noncitizen] has a credible fear of persecution. . .the [noncitizen] shall be detained for further consideration of the application for asylum."  This Court has previously discussed the caselaw surrounding section 1225(b)(1)(B)(ii) in *Doe v. Becerra,* 787 F. Supp. 3d 1083 (E.D. Cal. 2025), and incorporates the relevant discussion here.  What is important from that discussion is that Petitioner is not without a due process interest just because he may be subject to section 1225(b)(1)(B)(ii).

Additionally, Courts have recognized a liberty interest for those who have been released under section 1182(d)(5)(A).  *See M.B.*, 2026 WL 74155, at *3 (explaining that the government "endowed" petitioner with a protected liberty interest by releasing him on parole pursuant to section 1182(d)(5)(A)); *see also Chavarria v. Chestnut,* No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (collecting cases).  Here, however, Petitioner's term of parole appears to have expired.  (*See* ECF No. 7-1, Ex. 4.)  To the extent Respondents argue that Petitioner shall "return or be returned to the custody from which he was paroled," based on this automatic

termination, the Court disagrees because the Government created a liberty interest in allowing Petitioner's continued release despite the automatic termination. *See Torres-Zuluaga v. Wofford,* No. 1:26-cv-00318-DJC-EFB, 2026 WL 184662, at *4 (E.D. Cal. Jan. 23, 2026) (collecting cases).

Given the existence of a liberty interest, the Court applies the factors outlined in *Mathews v. Eldridge,* 424 U.S. 319 (1976), considering (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the Government's interest to determine what process Petitioner is due.

Here, Petitioner has a substantial interest in maintaining his out-of-custody status. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The risk of erroneous deprivation weighs in Petitioner's favor as well, although not as substantially. Civil immigration detention is "nonpunitive in purpose and effect", and, therefore, is only justified when a noncitizen is a flight risk or danger to the community. *Id*. Here, Petitioner has been arrested several times for violating California Penal Code §§ 273.5(a), 594(a)(2) and 591.5, and Petitioner has offered no response to these allegations. (Martinez Decl. ¶ 12 citing (ECF No. 7-1, Ex. 5).) These factors indicate that Petitioner's circumstances since his initial release in 2021 may have changed such that detention is warranted. However, that determination must be made at a bond hearing.[2] Lastly, Respondents' interest in detention is low. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). The effort and cost required to provide Petitioner with procedural safeguards are minimal.

////

////

---

[2] While a pre-deprivation hearing is often required, there may be circumstances requiring arrest such that prompt post-deprivation hearings are appropriate. *See J.S.H.M. v. Wofford,* No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025) (citation omitted). Given Petitioner's various arrests and lack of response to Respondents' allegations, the Court finds that a post-deprivation hearing in these circumstances is proper.

Having found that Petitioner has a liberty interest and determined, via the *Mathews* factors, that he is entitled to a bond hearing, the Court GRANTS Count Three of the Habeas Petition.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge.  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.

3. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez,* 872 F.3d at 1000.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 20, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – JI26cv01186.hp_v1

5